IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES RICHARD DUDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case. No. 22-3188-JWL-JPO |
| ) | |
| (FNU) WARREN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO MOTION TO SUPPLEMENT COMPLAINT**

Defendant (FNU) Warren ("Defendant") submits, through Assistant Attorney General Matthew L. Shoger, this response in opposition to Plaintiff James Richard Dudley's Motion to Supplement Complaint (Doc. 18). Defendant respectfully requests that the motion be denied and states the following in support.

I. **The motion should be denied because Dudley must submit a complete amended complaint, Dudley attempts to join irrelevant claims, the new defendants cannot be sued, and Dudley provides insufficient information.**

A. **Dudley cannot simply supplement the complaint but must submit a complete amended complaint.**

As this Court has stated in a case involving a *pro se* litigant:

> In order to add claims or significant factual allegations, or to change defendants, a plaintiff *must submit a complete amended complaint*. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it.

*Dobbs v. Messer*, No. 22-3182-JWL, 2022 WL 16551332, at *4 (D. Kan. Oct. 31, 2022) (emphasis added); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). Here, Dudley has not submitted a complete amended

complaint, but rather a mere supplement, so his motion should be denied.

   B. **Dudley attempts to join irrelevant claims.**

Dudley's proposed Supplement attempts to add new defendants and to join new claims that are irrelevant to the claims currently undergoing screening under 42 U.S.C. § 1915A, and for which a *Martinez* Report is currently pending. (*See* Doc. 10.) The new claims arise under different sets of facts, different legal theories, and do not allege that Defendant was involved in the separate injuries alleged. *See Green v. Denning*, No. 06-3298-SAC, 2009 WL 484457, at *2 to *3 (D. Kan. Feb. 26, 2009) ("a prisoner's attempt to amend the complaint to allege incidents and name parties not part of the same transaction or occurrences as the claims asserted against the defendants named in the original complaint is improper . . . . [A prisoner] simply may not litigate all his unrelated claims against all these defendants in this single suit"); *Gillon v. Fed. Bureau of Prisons*, 424 F. App'x 722, 725-26 (10th Cir. 2011) (holding permissive joinder to be inappropriate when "[e]ach of the claims appear to involve separate incidents and for the most part involve different individuals"). Therefore, Dudley's motion should be denied.

   C. **The new defendants cannot be sued.**

Dudley attempts to add as defendants the Kansas Department of Corrections and El Dorado Correctional Facility, which cannot be sued as a matter of law. *See Sims v. Kan. Dep't of Corr.*, No. 18-1259-EFM, 2019 WL 4450671, at *4 (D. Kan. Sept. 17, 2019) ("The KDOC is a legislatively-created government agency, and Kansas law does not permit it to sue or be sued. Accordingly, the Court holds that KDOC lacks the capacity to be sued and KDOC's Motion to Dismiss is granted."); *see also* Fed. R. Civ. P. 17(b); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 & n.10 (1989) (holding that State agencies do not count as "persons" amenable to suit under § 1983). Dudley also attempts to add as defendants "all interested parties" without specifying who these interested parties are or what conduct they are being sued for. Under

Federal Rule of Civil Procedure 8(a), Dudley cannot sue unspecified parties for unspecified conduct. Therefore, Dudley's attempt to add these defendants should be denied.

### D. Dudley provides insufficient information.

Dudley does not provide enough information as required under Rule 8(a) for any defendants to know they are being sued and to know what the new claims against them would be. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires . . . a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."). Dudley's proposed Supplement makes conclusory statements, such as "KDOC has retaliated on plaintiff," "Defendants (KDOC) have been using plaintiff's Anxiety and ADHD as a weapon against plaintiff," and "Plaintiff is and has . . . been held in unconstitutional conditions of confinement," which are mere legal conclusions. *See id.* at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"). Dudley does not provide any alleged facts to support these legal conclusions. *See id.* at 570 ("we . . . require . . . enough facts to state a claim to relief that is plausible on its face"). Dudley states "KDOC denied plaintiff Protective Custody" but does not specify how this forms the basis of a legal claim. Dudley appears to make allegations against his cellmate, who he does not name as a defendant. Dudley alleges that the late Judge Sam Crow "ignored" his prior filings, which even if true would not form a basis for a legal claim against anyone. If the Court were to accept Dudley's proposed Supplement as operative in this case, no defendants would have notice of the new claims against them (if any) under the Supplement. For all these reasons, the Court should deny the motion.

II. **In the alternative, the deadline for the *Martinez* Report should be extended to allow time for any new claims to be addressed.**

The *Martinez* Report is currently due on January 23, 2022. (*See* Doc. 10 at 2; Doc. 13.) If the Court grants Dudley's motion, the deadline for the *Martinez* Report should be extended a full sixty days to allow for the Kansas Department of Corrections to sufficiently address in the Report any new claims and defendants added to Dudley's lawsuit.

WHEREFORE, for the reasons set forth above, Defendants request that this Court enter an Order denying Dudley's Motion to Supplement Complaint, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of January, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Natasha Carter
    Kansas Department of Corrections
    714 SW Jackson, Suite 300
    Topeka, KS 66603
    Natasha.Carter@ks.gov
    *Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above was served by means of first-class mail, postage prepaid, addressed to:

    James Richard Dudley #91359
    El Dorado Correctional Facility-Central
    P.O. Box 311
    El Dorado, KS 67042
    *Plaintiff, pro se*

                                      */s/ Matthew L. Shoger*
                                      Matthew L. Shoger
                                      Assistant Attorney General