IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES RICHARD DUDLEY, <br> Plaintiff, <br><br> v., <br><br> (FNU) WARREN, et al, <br><br> Defendant(s). | Case No. 22-3188-JWL-JPO |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS RESPONSE IN OPPOSITION TO MOTION TO SUPPLEMENT COMPLAINT

Plaintiff submits this response in opposition to defendants response in opposition to motion to supplement complaint (Doc. 20). Plaintiff respectfully request that the defendants motion (Doc. 20) be denied and states the following in support.

1. The motion should be denied because Plaintiff is not required to file/submit an amended complaint, plaintiff connects the new pleading to the original pleading, the defendants can be sued, and plaintiff filed a new supplemental motion correcting all deficiencies.

   A. Plaintiff can supplement his complaint and is not required to submit a complete amended complaint.

   Rule 15(d), Fed. R. Civ. P.; see U.S. ex rel. Kinney v. Stoltz, 327 F.3d 671, 673 (8th Cir. 2003) ("...[Supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint is filed." (citation omitted)). Retaliation is a claim that occurs after the the original complaint, (see Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)) Plaintiff states facts in his original and new supplemental complaint that sufficiently allege and

state a claim of retaliation. "the proposed supplemental facts must connect the new pleading to the original pleading." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995); see also Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1989). Plaintiff can also add new defendants. See Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 227, 84 S. Ct. 1226 (1964). Defendant is verging on abuse of judicial process for claiming that plaintiff has to amend his complaint and use of the self serving case laws that are irrelevant to plaintiff's case.

B. Defendants can all be sued. See new supplemental complaint jurisdiction section.

C. Plaintiff's new motion to supplement complaint cures all deficiencies claimed by defendant.

D. Defendant is entitled to additional 60 day extension to respond to plaintiff's motion to supplement complaint plaintiff has the right an option of filing for partial summary judgement on the original complaint and defendant would not need an additional 60 days to respond because the alleged retaliation occured after the original complaint was filed. Defendant should not be allowed an extension to respond to the original complaint because he can use it to prolong and delay a motion for summary judgment that could also lead to plaintiff being granted a preliminary injunction.

WHEREFORE, for the reasons set forth above, plaintiff request that this Court enter an Order denying defendants motion in opposition to plaintiff's Motion to Supplement Complaint, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,
s/ James R. Dudley
James R. Dudley (Pro Se)
#0091389
KANSAS DEPARTMENT OF CORRECTIONS
El Dorado Correctional Facility
P.O. Box 311
El Dorado, Kansas 67042
Litigant PRO SE.