IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    **Plaintiff,**

    v.                                                     CASE NO. 22-3188-JWL-JPO

(FNU) WARREN, SST Officer,
Hutchinson Correctional Facility,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), his claim arose during his incarceration at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff alleges that in March 2021, defendant Warren, a response team member, subjected him to excessive force by deploying pepper spray on him after he had stopped fighting with another inmate.

On October 24, 2022, the Court entered a Memorandum and Order (Doc. 10) ("M&O") finding that the proper processing of Plaintiff's claim could not be achieved without additional information from appropriate HCF officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The Court ordered the appropriate HCF officials to prepare and file a *Martinez* Report (the "Report). The Court's Memorandum and Order provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 10, at 1.) The Report has not yet been filed, and the deadline for submission of the Report has not passed.

The Court's M&O provides that "[n]o motion addressed to the Complaint shall be filed

1

until the *Martinez* Report required herein has been prepared." (Doc. 10, at 3.) The M&O further provides that "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint." *Id*. Despite these orders in the Court's M&O, Plaintiff has submitted nine filings to the Court after entry of the M&O.

Plaintiff has filed a motion titled "Rule 60 Relief From a Judgment or Order" (Doc. 14). However, Plaintiff does not seek relief from an order in this case. Rather, he asks the Court to credit fees he paid in a prior case toward the filing fee in this case, or to refund those fees. Plaintiff alleges that the previous case, which was dismissed, involves the same complaint and therefore he should not be required to pay two filing fees regarding the same claim. (Doc. 14, at 2.) The order granting Plaintiff leave to proceed in forma pauperis in his prior case advised Plaintiff that "Plaintiff remains obligated to pay the remainder of the $350.00 filing fee." *See Dudley v. Warren*, Case No. 21-3280, Doc. 5. Plaintiff has offered no legal authority for the Court to dispense with his statutory obligation to continue paying the filing fee despite dismissal of his prior case. Under 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis "shall be required to pay the full amount of a filing fee." Plaintiff has provided no factual or legal basis for this Court to relieve him of this statutory obligation. The motion is denied.

Plaintiff has also filed a Motion to Supplement Complaint (Doc. 18) and a Motion for Leave to File Supplemental Pleading (Doc. 21). Plaintiff's first motion to supplement consists of 222 pages and purports to add claims regarding his conditions at EDCF. He also attaches exhibits from previous cases that he claims are "prior filings that were ignored by [the Court]." (Doc. 18, at 3.) Defendant has filed a response in opposition to Plaintiff's motion to supplement, arguing that Plaintiff is attempting to improperly add unrelated claims. (Doc. 20.) Plaintiff has

filed a reply (Doc. 22), arguing that he should be allowed to supplement his Complaint, and that he is not required to submit a complete amended complaint.

This case involves a single instance of alleged excessive force while incarcerated at HCF and names an HCF SST Officer as the sole defendant.  Claims regarding his conditions at EDCF are unrelated.  In addition, the motion was filed despite the order in the Court's M&O prohibiting the filing of any motions until the Report has been filed.

Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the

Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action. Plaintiff's motion to supplement is denied.

Plaintiff's second motion to supplement consists of 348 pages. Plaintiff attempts to add additional HCF defendants, as well as defendants from EDCF and the Lansing Correctional Facility in Lansing, Kansas. Again, this case involves an allegation of excessive force based on a single incident occurring on March 8, 2021, in which Defendant Warren allegedly used excessive force in spraying Plaintiff with pepper spray at HCF. A *Martinez* Report regarding this allegation has been ordered and is due within a few days. Plaintiff's attempt to add multiple claims and defendants based on unrelated claims occurring at other facilities is denied for the reasons set forth above regarding Plaintiff's first motion to supplement. If Plaintiff seeks to pursue unrelated claims, he should file a separate action based on those claims after he has exhausted the facility's administrative remedies.[1] The second motion is likewise denied.

Plaintiff has also filed multiple notices and an affidavit (Docs. 12, 15, 16, 17 and 19), challenging his conditions at EDCF. The Court will not be taking any action on those submissions. Plaintiff is directed to refrain from filing any further motions or notices until such

---

[1] The Court notes that Plaintiff has filed an action regarding his dental care at EDCF. *See Dudley v. KDOC*, 23-3016-JWL.

4

time as the Court has screened his Complaint after reviewing the *Martinez* Report.  If necessary, the Court will grant Plaintiff an opportunity to respond to the Report after the Court's review.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (Docs. 14, 18, 21) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff shall refrain from filing any further motions or notices until such time as the Court has screened his Complaint after reviewing the *Martinez* Report.

**IT IS SO ORDERED**.

**Dated January 20, 2023, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE